IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN GRAVLEY, JR., | * | |
| Petitioner, | * | Civil Action No. SAG-23-1446 |
| v. | * | |
| WARDEN JEFFERY NINES, | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \*

## ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS

Respondent, Warden Jeffery Nines, by his attorneys, Anthony G. Brown, Attorney General of Maryland, and Jessica M. Laws, Assistant Attorney General, answers the Petition for Writ of Habeas Corpus, and states:

### I. INTRODUCTION

Petitioner Steven Gravley, Jr. is an inmate committed to the custody of the Commissioner of the Maryland Division of Correction ("DOC"). He is currently confined at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland. In his Petition for Writ of Habeas Corpus and Supplemental Petition,[1] Mr. Gravley alleges that the DOC has miscalculated his earned diminution credits and must restore revoked good conduct credits. *See* Suppl. Pet. at 4, 6-9 (ECF No. 4). As set forth below, this Court should dismiss the Petition because (1) Mr. Gravley failed to exhaust his

---

[1] This Court ordered Mr. Gravley to file a supplement to his Petition on June 2, 2023. *See* Order (ECF No. 3).

claims administratively with the State and in state court, and (2) there is no merit to Mr. Gravley's contentions.

## II.   STATEMENT OF FACTS

On April 16, 2021, Mr. Gravley was found guilty in the Circuit Court for Baltimore County of one count of second-degree assault.  *See* Exhibit 1 (Docket Report, Maryland Judiciary Case Search, Case No. C-03-CR-19-000062).  Mr. Gravley was sentenced to a term of ten years' imprisonment, to commence on January 30, 2019,[2] and was committed to the Commissioner of the DOC.  *See* Exhibit 2 (Commitment Record dated April 16, 2021 in Case No. C-03-CR-19-000062).

On June 30, 2021, Mr. Gravley was convicted in Baltimore County Circuit Court of possession of contraband while in DOC confinement and received a sentence of one year and one day, to be served consecutively to the expiration of his existing sentence, less 265 days' credit for time served.  *See* Exhibit 3 (Commitment Record dated June 30, 2021 in Case No. C-03-CR-21-000127).  Thus, Mr. Gravley is currently serving a term of confinement beginning on January 30, 2019, with a maximum expiration date of May 11, 2029.  *See* Exhibit 4 (Sentence Calculation Worksheet for DOC No. 481891).  As discussed below, Mr. Gravley has earned diminution credits to reduce his term of confinement in accordance with the statutory provisions governing diminution credits, *see* Md. Code Ann., Corr. Servs. §§ 3-701 – 3-711 (Repl. 2017; Supp. 2022), and release on mandatory supervision, *see id.* §§ 7-501 – 7-506.  As of August 14, 2023, based on the

---

[2] The circuit court applied 807 days' credit to the sentence for Mr. Gravley's pretrial incarceration, which resulted in the commencement date of January 30, 2019. *See* Exhibit 2; Md. Code Ann., Crim. Proc. § 6-218.

2

application of those credits, Mr. Gravley's release date is January 28, 2028.  *See* Exhibit 5 (Corrections Time Credit Record).

### III.   ARGUMENT

#### A.   THE PETITION SHOULD BE DISMISSED BECAUSE MR. GRAVLEY FAILED TO EXHAUST HIS STATE REMEDIES.

Before seeking "the intervention of a federal court" through a habeas corpus petition, a state prisoner is required to exhaust all "available and adequate" state remedies, including both administrative and judicial remedies.  *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).  Absent a valid excuse, a state prisoner seeking federal habeas corpus relief must first present each of his claims to the state courts having jurisdiction to consider them, *Gray v. Netherland*, 518 U.S. 152, 161-66 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991), including the state's highest court, *O'Sullivan v. Boerckel*, 526 U.S. 838, 860-61 (1999); *see also Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (stating that "principles of comity dictate" that "a federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court").

The petitioner "bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Johnson v. Smith*, 981 F. Supp. 944, 948 (D. Md. 1997) (quoting *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994)).  In cases akin to this action, this Court has consistently concluded that if a petitioner has not exhausted his or her state remedies, the petition for writ of habeas corpus must be dismissed.  *See, e.g.*, *Clark v. Geraghty*, No. TDC-15-2625, 2018 WL 1963794, at *3 (D. Md. April 25, 2018); *Porter v. DPSCS Comm'r of Md. Correction*, No. ELH-17-1001, 2017 WL 7513221, at *2 (D.

3

Md. October 16, 2017); *Osborn v. Moyer*, No. RDB-16-581, 2016 WL 5415633, at *3 (D. Md. September 28, 2016).

In addition, "[a] Maryland prisoner seeking to challenge the calculation of his term of confinement may do so through both administrative and judicial remedies." *Trent v. Dep't of Pub. Safety and Correctional Servs.*, No. CCB-12-2627, 2013 WL 2278308, at *3 (D. Md. May 13, 2013). As for administrative processes, the inmate may avail himself of the DOC's Administrative Remedy Procedures ("ARP") to resolve a complaint related to "sentence calculation and diminution of confinement." *See* COMAR 12.02.28.04A(8) and 12.02.28.09. An inmate initiates that process by filing an ARP with the Warden. If no resolution is reached or the inmate is dissatisfied with the Warden's response, the inmate may file an appeal with the Commissioner of Correction. COMAR 12.02.28.14. Similarly, an inmate may appeal the Commissioner's decision by filing a grievance with the Inmate Grievance Office ("IGO"). *See generally Adamson v. Correctional Med. Servs., Inc.*, 359 Md. 238, 753 A.2d 501 (2000); Corr. Servs. § 10-206(a); COMAR 12.02.28.18. If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. Corr. Servs. § 10-207(c). An order of the OAH finding that an inmate's grievance is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services for purposes of judicial review. *Id.* § 10-209(b). If the OAH finds that the grievance is meritorious, its order is forwarded to the Secretary, who may affirm, reverse, or modify the order. *Id.* § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id.* § 10-210(b)(2).  The prisoner may thereafter seek review in the Appellate Court of Maryland by application for leave to appeal, Corr. Servs. § 10-210(c)(2), and, if the intermediate appellate court grants the application but denies relief on the merits, the prisoner may then seek review in the Supreme Court of Maryland by petition for writ of *certiorari*.[3]  *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 – 12-203 (2022 Repl.).

Mr. Gravley has failed to establish that he has exhausted his state remedies.  In his Petition, he alleges that he filed "correspondence via institutional mail" about the calculation of his credits and "*began* requesting Administrative Remedy Procedure" while housed at Roxbury Correctional Institution ("RCI") and NBCI.  *See* Pet. at 2; Suppl. Pet. at 2 (emphasis added).  Mr. Gravley admits that he did not actually complete an ARP and, instead, "wrote" to Warden Nines and the IGO.  Pet. at 2; Suppl. Pet. at 2-3.  Mr. Gravley does not allege that he followed the proper steps of the available administrative processes to seek relief, nor did he complete judicial review of any administrative decision in the State courts to exhaust the administrative process.  *See*

---

[3] For habeas corpus petitions brought in State courts, an exception to the administrative exhaustion requirement lies where a petitioner "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits."  *Md. House of Correction v. Fields*, 348 Md. 245, 703 A.2d 167, 175 (1997).  In such a case, the petitioner may seek relief directly from the circuit court, and may thereafter seek review of a decision denying habeas relief in Maryland's appellate courts.  *Id.*  However, the United States Supreme Court has not recognized an exception to the requirement that an inmate exhaust administrative remedies before petitioning for *federal* habeas corpus relief, even where the inmate alleges an entitlement to immediate release.  *See Preiser*, 411 U.S. at 491-92.

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (stating that "proper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so *properly*'" (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in *Pozo*))).

Mr. Gravley further has not alleged, much less established, that he exhausted available judicial remedies in State court prior to bringing this action. Therefore, because the claims presented in his Petition have not been exhausted, the Petition must be dismissed.

      **B.**     **THE PETITION SHOULD BE DISMISSED BECAUSE MR. GRAVLEY'S ARGUMENTS ARE WITHOUT MERIT.**

Even if Mr. Gravley had properly exhausted his available state remedies before bringing this action, his argument that DOC has miscalculated his diminution credits and must restore revoked good conduct credits are substantively without merit.

An inmate serving a term of confinement in the DOC may ordinarily earn diminution of confinement credits to reduce the length of the inmate's incarceration. *See* Corr. Servs. §§ 3-701 – 3-711. Upon earning a sufficient number of diminution credits, an inmate serving a term of confinement of over 18 months is released on mandatory supervision, *id.* § 7-501(a), and "is subject to . . . all laws, rules, regulations, and conditions that apply to parolees" and "any special conditions established by a [parole] commissioner," *id.* § 7-502(b)(1), (2); *see also id.* § 7-101(g) (defining "[m]andatory supervision" as "a conditional release from confinement that is granted to an inmate under § 7-501 of this title").

Mr. Gravley argues that his 10-year sentence, which was imposed on June 30, 2021, is miscalculated because the DOC did not subtract 807 days of credits that were awarded by the circuit court from the maximum expiration date of his sentence. Suppl. Pet. at 3. However, those credits were awarded pursuant to § 6-218 of the Criminal Procedure Article for Mr. Gravley's time spent in pretrial custody and were applied at the time of his sentencing to provide him with an earlier commencement date for the sentence: January 30, 2019. The 807 days of pretrial custody credits, therefore, were properly credited against his 10-year sentence as required by law. *See* Md. Code Ann., Crim. Proc. § 6-218(b) ("A defendant who is convicted and sentenced shall receive credit against and a reduction of the term of a definite or life sentence . . . for all time spent in the custody of a correctional facility . . . because of: (i) the charge for which the sentence is imposed; or (ii) the conduct on which the charge is based."); *Id.* § 6-218(e) ("The court shall award the credit required by this section at the time of sentencing."). Contrary to Mr. Gravley's assertion, the maximum expiration date of Mr. Gravley's term of confinement accounts for this earlier commencement date. *See* Exhibit 4 (calculating the maximum expiration date of May 11, 2029 from the start date of January 30, 2019).

Mr. Gravley's next argument, that his local credits while he was in pretrial status at the Baltimore County Detention Center were incorrectly calculated, also lacks merit. He asserts that he "accumulated 132 Good Conduct Credits" and "132 Special Housing Credits" while in pretrial status, plus four good conduct credits and four special project credits after sentencing while still in local detention. Suppl. Pet. at 3. These credits are the exact same as those that were awarded to him and that were deducted from his

7

sentence. *See* Exhibit 6 (DOC Confinement Certification, Baltimore County Detention Center). Mr. Gravley provides no legal or factual support that suggests that his commitment record is inaccurate.

Finally, Mr. Gravley's contention that the DOC must restore good conduct credits that it previously revoked is incorrect. First, Mr. Gravley has not stated a claim that he was deprived of procedural due process prior to the revocation of his credits. The United States Supreme Court has set forth three requirements of due process in prison disciplinary proceedings: (i) advanced written notice of the disciplinary charges; (ii) an opportunity to call witnesses and present documentary evidence in the inmate's own defense, if consistent with institutional safety and correctional goals; and (iii) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action.[4] *Wolff v. McDonnell*, 418 U.S. 539 (1974). These requirements were met prior to the revocation of his credits, as Mr. Gravely was served with advanced written notice of the charges against him; was afforded the opportunity to name any witnesses that he wished to testify at the hearing; and received a written decision by a hearing officer stating the evidence and reasons for the decision.[5] *See* Exhibit 7 (Inmate Disciplinary Records).

Second, an inmate "has no entitlement to approval of restoration of revoked credit." COMAR 12.02.06.06.D. Rather, the DOC "*may* restore diminution credits" that have been revoked for an inmate's violations of the rules of discipline. Corr. Servs.

---

[4] The Court stated that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do not apply." *Wolff*, 418 U.S. at 566.

[5] On several occasions, Mr. Gravley refused to sign that he had received notice of rule violations and waived his appearance at the disciplinary proceedings. *See, e.g.*, Exhibit 7 at 2, 25, 28.

8

§ 3-709(a) (emphasis added); *see also* COMAR 12.02.06.06.A (providing that "upon the recommendation of case management staff, a warden *may* restore diminution credit revoked during the current incarceration") (emphasis added).  Mr. Gravley therefore is not entitled to the restoration of any revoked diminution credits.

## IV.   CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court deny the Petition for Writ of Habeas Corpus and dismiss this case.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland


_____/s/_____
JESSICA M. LAWS
Federal Bar No. 16280
Assistant Attorney General
Department of Public Safety and
Correctional Services
6776 Reisterstown Road, Suite 313
Baltimore, Maryland 21215
(443) 687-3968
(410) 484-5939 (facsimile)
jessica.laws@maryland.gov

*Attorneys for Respondent*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of August, 2023, a copy of the foregoing Answer to Petition for Habeas Corpus was mailed by first-class mail, postage prepaid, to:

Steven Gravley, Jr., #3933315; #481891
North Branch Correctional Institution
14100 McMullen Highway, SW
Cumberland, MD 21502

                                                     /s/
                                         JESSICA M. LAWS