IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN GRAVLEY, JR.,

   Petitioner,

v.

WARDEN JEFF NINES,

   Respondent.

Civil Action No.: SAG-23-1446

**MEMORANDUM OPINION**

Petitioner Steven Gravley, Jr., a state inmate currently confined at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence and the revocation of good conduct credits. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2023). For reasons set forth below, the petition is denied and dismissed without prejudice.

**BACKGROUND**

   **A. Gravley's Claims**

In his Court-directed Supplemental Petition, Gravley alleges that the Maryland Department of Public Safety and Correctional Services ("DPSCS") has improperly calculated his sentence. He asserts that he was sentenced on April 16, 2021, in the Circuit Court for Baltimore County, to a ten year term of confinement. ECF No. 4 at 1. Gravley states that while incarcerated at Roxbury Correctional Institution ("RCI") he filed an informal complaint, presumably regarding the computation of his sentence, which was sent to his case manager. ECF No. 4 at 2. Gravley met with his case manager who agreed with Gravley regarding the incorrect computation of his sentence and advised Gravley that he would "send an email to commitment." *Id*.

Subsequently, Gravley was transferred to NBCI where he requested an Administrative Remedy Procedure ("ARP") form so that he could address his concerns regarding his sentence calculation. ECF No. 4 at 2.  Gravley states that despite his case manager assuring him he would bring him ARP forms, he did not, and as of the date of the filing of his Supplemental Petition he had not been provided any ARP forms. ECF No. 4 at 2.  Additionally, Gravley states that he wrote to the Warden and to the Inmate Grievance Office ("IGO") regarding his concerns, to no avail. ECF No. 4 at 2-3, 11-15.

Gravley states that while he was in pretrial custody he accumulated good conduct and special housing credits equaling 264 days. ECF No. 4 at 3.  Additionally, at sentencing, Judge Robinson credited petitioner 807 days. *Id*. Gravley asserts that he also earned an additional 4 days of good conduct and special project credits, each, after sentencing while he remained housed at the Baltimore County Detention Center. ECF No. 4 at 3.

Gravley states that the DOC has improperly calculated his release as October 17, 2025. ECF No. 4 at 4.  He claims that subtracting the 807 days credited to him at sentencing renders his maximum expiration date November 16, 2026. ECF No. 4 at 3. Gravley asserts that he is entitled to 1199 good conduct and special project credits, resulting in a release date of July 27, 2023. ECF No. 4 at 4.

Additionally, Gravley states that he is challenging "the policy, rule and decisions that govern advanced good conduct credits." ECF No. 4 at 4. He asserts that the Case Management Manual dictates that for his criminal offense he be offered 10 days per month good conduct credits. *Id*. He claims that "[a]fter the advancement of credits, petitioner started his incarceration process and each month that proceeded, petitioner then earned 10 days worth of the advanced credits" (*id*.) and those credits once earned cannot be revoked. *Id.*  Gravley asserts that the DOC did not follow

its matrix regarding the distribution of good conduct credits. *Id.* at 4-5.

Lastly, Gravley states that he is challenging "the policy, rule, and decisions that govern the revocation of good conduct credits for an institutional violation." *Id*. at 5. Essentially, Gravley asserts that the revocation of good conduct credits for an institutional rule violation violates his rights. *Id*. He states that he has incurred institutional rule violations which resulted in his placement in solitary confinement (*id*. at 5) and the additional revocation of good conduct credits as the result of the rule violations was a "cumulative punishment". *Id*. at 5-6.

### B. Respondent's Response

Respondent provides the following facts in support of his Answer: Gravley was found guilty on April 16, 2021, in the Circuit Court for Baltimore County of second degree assault. ECF No. 8-1 at 4 (Docket Report, Case No. C-03-CR-19-000062). On April 16, 2021, he was sentenced to a 10 year term of incarceration and committed to the Department of Correction ("DOC"). *Id*. at 3-4; ECF No. 8-2. The sentencing court awarded Gravley 807 days of credit for time served prior to sentencing, in accordance with Md. Code Ann., Crim. Proc. § 6-218, resulting in his term of confinement commencing on January 30, 2019. ECF No. 8-1 at 5; ECF No. 8-2.

On June 30, 2021, Gravley was convicted, in the Circuit Court for Baltimore County, of possession of contraband while in DOC custody and sentenced to a year and one day to be served consecutive to any and all outstanding and unserved sentences, ECF No. 8-3 (Commitment Record Case No. C-03-CR-21-000127). He was awarded 265 days of credit for time served prior to sentencing, in accordance with Md. Code Ann., Crim. Proc. § 6-218. *Id.*

The DOC has calculated Gravley's maximum expiration date as May 11, 2029. ECF No. 8-4; ECF No. 8-5. He has been awarded diminution of confinement credits in accordance with Maryland law. *See generally* Md. Code Ann., Corr. Servs. §§3-701-3-711 (diminution credits) and

§§7-501-7-506 (release on mandatory supervision); ECF No. 8-4; ECF No. 8-5. Applying those credits, less credits revoked, the DOC has calculated Gravley's release date as January 28, 2028. ECF No. 8-5.

In regard to Gravley's adjustment history, the record demonstrates that on April 5, 2023, while housed at RCI, Gravley was charged with inmate rule infractions. ECF No. 8-7 at 2. He refused to appear at a hearing held on May 10, 2023 and the hearing was held in absentia. *Id*. at 3. The Hearing Officer determined that Gravley was served with the notice of inmate rule infraction but refused to sign the form and was satisfied, based on the testimony of a correctional officer, that Gravley refused to attend the hearing. *Id*. at 4, 8, 10, 11. After considering the evidence presented by the reporting officer and consideration of the notice of inmate rule violation, the hearing officer found Gravley not guilty of violating rules 100 (engage in a disruptive act) and 316 (disobey an order) and guilty of violating rules 116 (possess, misuse, tamper with, damage, or destroy security equipment or property…) and 308 (steal state property…). *Id*. at 4, 8-9. He was sanctioned to 120 days segregation and the revocation of 200 good conduct credits. *Id*. at 6. He did not appeal the hearing officer's decision. *Id*. at 7.

On April 15, 2023, while housed at NBCI, Gravley was charged with additional inmate rule infractions (ECF No. 8-7 at 13) which were served on him on that day. *Id*. at 12, 22.  Gravley appeared at the hearing and pled guilty to violating rule 100 (engage in disruptive act); 101 (commit assault or battery on staff); 104 (make threats that include using physical harm….); and 316 (disobey an order). *Id*. at 16-17, 21. He was sanctioned to 90 days of segregation and 180 good conduct credits were revoked. *Id*. at 13. He did not appeal the hearing officer's decision. *Id*. at 19.

On July 24, 2023, while housed at NBCI, Gravley received another rule violation, charging him with violating rule 115 (refusal or failure to provide a required volume of urine necessary for

4

urinalysis…) and 316 (disobey an order). ECF No. 8-7 at 23. He refused to sign for receipt of the notice. *Id.* at 25. Ultimately, Gravley, waived his appearance at a hearing and entered a plea agreement, pleading guilty to the rule violations with agreed sanctions of ten days of segregation and the loss of 30 days good conduct credits. *Id.* at 26, 28-30. He did not appeal the decision. *Id.* at 31.

## DISCUSSION

Respondent argues that the Petition should be dismissed on the grounds that (1) Gravley failed to exhaust his claims administratively and in Maryland courts; and (2) even if his claims were properly before this Court, his claims are without merit.

### A. Exhaustion of State Remedies

Construed as asserting a violation of federal rights, Gravley's Petition must be dismissed because he has not first challenged the alleged miscalculation of his sentence in the Maryland courts and has not exhausted his administrative remedies as to his claims regarding the revocation of good conduct credits as a result of disciplinary proceedings.

Generally, a federal court may not consider a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state remedies, including presenting the claim to the highest state court. *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Specifically, under § 2241, courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" because a federal habeas petition "is the avenue of last resort." *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). Absent the exhaustion of state remedies, the Petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 520, 522 (1982).

A prisoner challenging the way his sentence has been calculated has two possible avenues to seek relief in the state courts. First, prisoners may challenge the calculation of their sentences

or diminution credits through administrative proceedings by filing a grievance with the Inmate Grievance Office ("IGO"), which may be referred to an administrative law judge with the Office of Administrative Hearings ("OAH").  Md. Code Ann., Corr. Servs. § 10-207.  The OAH determination is deemed to be the decision of the Secretary of Public Safety and Correctional Services ("the Secretary"), unless the OAH grants the prisoner's claim, in which case the Secretary may affirm, reverse, or modify the OAH proposed order.  *Id.* § 10-209.  The prisoner may appeal the Secretary's decision to the relevant Maryland Circuit Court, and, if necessary, file an application for leave to appeal the decision of the Circuit Court to the Appellate Court Maryland. *See Adamson v. Corr. Med. Servs., Inc.*, 753 A.2d 501, 509–10 (Md. 2000); Md. Code Ann., Corr. Servs. §§ 10-201 to 10-210.  If the Appellate Court of Maryland grants the application for leave to appeal, but denies relief on the merits, the prisoner must also seek permission to appeal to the Supreme Court of Maryland.  *See Baker*, 220 F.3d at 288; Md. Code Ann., Cts. & Jud. Proc. § 12-201 to 12-202 (2011).

Alternatively, a prisoner, such as Gravley, who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts through a petition for a writ of habeas corpus.  *See Md. House of Corr. v. Fields*, 703 A.2d 167, 175 (Md. 1997), *abrogated on other grounds by Moats v. Scott*, 751 A.2d 462 (Md. 2000); *see also* Md. Rule 15-302(a)(1).  If unsuccessful, the prisoner may appeal the circuit court's decision to the Appellate Court of Maryland and may thereafter seek certiorari in the Supreme Court of Maryland.  *See, e.g.*, *Stouffer v. Pearson*, 887 A.2d 623, 625–26 (Md. 2005) (granting a writ of certiorari and considering a claim of whether a prisoner's sentence should be calculated so as to entitle him to immediate release); *Jones v. Filbert*, 843 A.2d 908, 910 (Md. Ct. Spec. App. 2004) (considering an appeal from a

decision on a petition for a writ of habeas corpus relating to the failure to credit diminution of confinement credits); Md. Code Ann., Cts. & Jud. Proc. § 12-201.

Where a prisoner is found guilty of a rule violation, the prisoner is entitled to appeal the hearing officer's guilty decision or sanction to the warden of the facility where he or she is incarcerated. Md. Code of Regs. ("COMAR") 12.03.01.30(A)(1),(2). If the prisoner does not file a written appeal with the warden within fifteen days of receipt of the hearing officer's decision, he or she is considered to have waived the right to appeal. COMAR 12.03.01.30(A)(3). If the warden affirms the hearing officer's guilty finding or sanction, the prisoner may then appeal to the IGO. COMAR 12.03.01.30(C); *see also* COMAR 12.07.01.05 and .08. When filing this appeal with the IGO, the prisoner is required to include a copy of the initial notice of inmate rule violation, the hearing record, the appeal to the warden, and the warden's response to the appeal. COMAR 12.07.01.04(B)(9)(b).

Gravley's Petition must be dismissed because he has not exhausted any of his claims. The Court is mindful of Gravley's contention that he was not provided ARP forms when he requested them, however, he does not provide any explanation for his failure to pursue his concerns regarding the computation of his sentence with the IGO or the Maryland courts. While Gravley asserts that he did file documentation with the IGO regarding the calculation of his sentence, he states that he did not receive a response. Even if Gravley was thwarted from pursuing administrative remedies regarding the computation of his sentence, the record before the Court, as well as a review the Maryland Judiciary Case Search,[1] reflects that he failed to file a petition for a writ of habeas corpus asserting this claim in the Maryland Circuit Court. Gravley "bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Johnson v. Smith*, 981 F. Supp. 944, 948 (D.

---

[1] https://casesearch.courts.state.md.us/casesearch/inquiry- (last visited Oct. 22, 2024).

Md. 1997) (quoting *Mallory v. Smith*, 27 F. 3d 991, 994-95 (4th Cir. 1994)). Because Gravley may still find relief in the state courts as to his claim regarding the computation of his sentence and credits, consideration of this claim by this Court is premature.

As to Gravley's claim regarding the revocation of diminution credits after a rule violation hearing, that claim has also not been exhausted as Gravley did not appeal the results of his disciplinary proceedings through the administrative process by first appealing the decision of the hearing officer to the Warden. As such, this claim is also unexhausted.

The Petition will be denied without prejudice and dismissed as unexhausted.

**B.     Merits of Claims**

Even if Gravley's claims had been exhausted, the Court notes that Gravley would be unlikely to succeed on them. A review of the record, including the sentencing calculation printouts, and other documents provided to the Court, supports the conclusion that Gravley's sentences and diminution of confinement credits were properly calculated and he received all process he was due at his disciplinary proceedings.

1. Sentence Calculation

Ordinarily inmates serving a term of confinement in the DOC may earn diminution of confinement credits which reduce the length of their incarceration. Md. Code Ann., Corr. Servs. §§ 3-701--3-711. After earning a sufficient number of diminution of confinement credits, inmates serving a term of confinement over 18 months are released on mandatory supervision. *Id*. § 7-501(a). Gravley asserts that his sentence has been miscalculated because the DOC did not subtract 807 days of custody credits that were awarded by the Circuit Court at sentencing. He is mistaken. The record demonstrates that those credits were awarded as pretrial custody credits and applied at sentencing resulting in his being provided an earlier commencement date for his sentence: Gravley

was sentenced on June 30, 2021, but applying the 807 custody credits, his sentence was deemed to have commenced on January 30, 2019. In short, the 807 days of pretrial custody credits were applied to his sentence and the computation of his maximum expiration date accounts for this earlier commencement date. *See generally*, ECF No. 8-Ex. 4.

Similarly, Gravley's assertion that his local credits, earned while he was in pretrial custody at the Baltimore County Detention Center were miscalculated, does not find support in the record. Gravley's Confinement Certification shows that those credits were in fact applied to his sentence. ECF No. 8-6. Gravley therefore has not presented a convincing claim that his sentence has been calculated incorrectly.

## 2. Revocation of Good Conduct Credits

Lastly, Gravley baldly alleges that the revocation of good conduct credits after a finding of guilt for an inmate rule violation violates his right to due process because it constitutes a cumulative punishment. His claim is unavailing. Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-

66, 592.  There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel.  *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004).  As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied.  *See Baxter*, 425 U.S. at 322, n.5.  Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence."  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Tyler v. Hooks*, 945 F. 3d 159, 171 (4th Cir. 2019) ("the 'some evidence' standard is extremely broad in scope and presents a very low burden for prison officials to meet.")

Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact.  *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980).  The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious.  *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990); *Tyler*, 945 F3d at 171-72.  As long as there is some evidence in the record to support factual findings in a disciplinary proceeding, a federal court will not review the accuracy of those findings.

Gravley's bald claim that his being sanctioned to both disciplinary segregation and the loss of good conduct credits as a result of the rule violations was unconstitutional finds no support in the law. To the contrary, in determining what process is due in prison disciplinary proceedings, the Supreme Court considered a scheme of discipline that included, as here, both the loss of good conduct credits and the inmate's confinement to a disciplinary cell. *Wolff*, 418 U.S. at 545 ("In cases of flagrant or serious misconduct, the chief executive officer may order that a person's reduction of term as provided in section 83-1,107 (good-time credit) be forfeited or withheld **and also** that the person be confined in a disciplinary cell.") (emphasis added). In short, Gravley's punishments, confinement to disciplinary housing and loss of good conduct credit, was permissible

so long as he received due process. The record demonstrates that on each occasion he received all the process that was due. He was served with advanced written notice of the charges filed against him. He was afforded the opportunity to name witnesses he wished to testify at the hearings. He received written decisions by the hearing officer setting forth the evidence and basis for the decision. ECF No. 8-7. His claim regarding the disciplinary process is unavailing.

### C. Certificate of Appealability

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Gravley's claims are dismissed on procedural grounds, and this Court finds that Gravley has not made the requisite showing to warrant a certificate of appealability. The Court therefore declines to issue a certificate of appealability. Gravley may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus shall be DENIED WITHOUT PREJUDICE and DISMISSED as unexhausted. A separate Order shall issue.

<u>October 29, 2024</u>                         <u>        /s/                    </u>
Date                                            Stephanie A. Gallagher
                                                United States District Judge